**Remus Burchette, Plaintiff-Appellee, v. Carrie Carter, d/b/a New Marquette Lounge, Grant D. Dazey, et al., and Highway Insurance Company, Garnishee-Defendant and Appellant.**

**Gen. No. 50,577.**

First District, First Division.

February 18, 1966.

Brody & Gore, of Chicago (Robert L. Brody, of counsel), for appellant.

Arthur S. Gomberg and Philip E. Howard, of Chicago (Samuel Nineberg, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Garnishee-defendant, Highway Insurance Company, appeals from a $15,000 judgment entered against it in garnishment proceedings grounded on a dramshop policy issued by Highway. The policy covered the basic defend-

ants, an operator of a tavern and the owner of the building. Highway denies liability because the tavern operator failed to cooperate and breached the policy.

It is undisputed that the policy was in effect on April 9, 1958, the date of plaintiff's alleged injuries, and that the "policy contained the usual cooperation clause requiring the assured to cooperate in the handling of a claim, including the necessary attendance at trial." The named insureds were Carrie Carter, d/b/a New Marquette Lounge, and Grant D. Dazey and Martha L. Dazey, as the owners of the premises in which the lounge was located.

Plaintiff's action was commenced in 1959, and the three defendants were served with summonses, which were forwarded to Highway. An answer was filed on their behalf, and an investigation was made. The case was assigned out for a jury trial on November 6, 1963, and on November 12, 1963, judgment for $15,000 was entered against "Carrie Carter, Grant D. Dazey and Martha L. Dazey and each of them."

During the trial, and after plaintiff had substantially completed his evidence, the attorneys for the defendants presented a motion "to withdraw from the trial of this matter as attorneys for the defendant Carrie Carter" for the reason "that the named defendant refuses to cooperate and aid in the defense of this matter on her own behalf." The motion, under oath, set forth the efforts of the attorneys to secure her appearance at the trial. After a hearing, the trial court denied the motion, and the case proceeded to verdict and judgment.

The garnishment proceedings against Highway Insurance Company were initiated on January 17, 1964, and in response to a "Request for Admissions," Highway admitted retaining attorneys to undertake the defense of Carrie Carter, Grant Dazey and Martha L. Dazey, and that Highway "had issued its dramshop insurance policy for the tavern at 160 East Marquette Road, Chicago, Illi-

377

nois, for a period encompassing April 9, 1958." After a "contested hearing and trial of the garnishment action," and hearing evidence at length, a judgment order was entered on February 18, 1965, in favor of the plaintiff and against the garnishee-defendant for $15,000, interest and costs. This is the judgment from which Highway, the garnishee-defendant, appeals.

The instant record includes a transcript of the hearing on the original motion to withdraw made during the dramshop trial and a transcript of the hearing and testimony of witnesses at the garnishment hearing.

From the foregoing, it is obvious that Carrie Carter was notified by both Highway and her attorneys of the approaching trial, and that on November 5, 1963, she stated she would attend the trial and have her sister available as an additional witness. The first notice that her attorneys had that Carrie Carter would not appear was on November 6, 1963, after the case was assigned out for trial. Repeated efforts made during plaintiff's case failed to secure her appearance.

The record indicates that the defendants Dazey had no knowledge of the facts of the case and did not appear at the trial. Highway does not claim that the Dazeys refused to cooperate. In fact, there is nothing in this record to show that the Dazeys were informed of the trial or the judgment against them.

■ As a general rule, a judgment creditor has no greater rights than the insured, and any defense which the insurer may assert against the insured may be asserted as a defense against the injured parties. (Meyer v. Aetna Cas. Ins. Co., 46 Ill App2d 184, 190, 196 NE2d 707 (1964).) A breach of a policy cooperation clause by the insured has been held to preclude recovery against the insurance company in a garnishment proceeding initiated by a judgment creditor. (Schneider v. Autoist Mut. Ins. Co., 346 Ill 137, 178 NE 466 (1931).) Failure of an insured to appear at a trial, after notice, has been held to

be a breach of a cooperation clause. Pawlik v. State
Farm Mut. Automobile Ins. Co., 302 F2d 255 (1962).

From the foregoing pronouncements, Highway's con-
tention of noncooperation on the part of Carrie Carter
appears to be well grounded, but the determinative ques-
tion is whether her asserted noncooperation can be used
against the Dazeys. The policy might provide a direct
answer, but it is not in this record.

Highway contends, "the failure of one of the assureds
to cooperate is a breach of contract which is binding on
the other assureds. . . . There was only one policy, their
interests were identical and a breach by any one of them
would constitute a breach of all of them. In the case at
bar, Grant D. Dazey and Martha L. Dazey had no knowl-
edge of the fact of the case and therefore could not aid
in the defense of the case, but the assured Carrie Carter
would and could have greatly aided in the defense of the
case and present a question of fact for the jury and may
have resulted in an entirely different verdict." Cited is
Eakle v. Hayes, 185 Wash 520, 55 P2d 1072, where the
insured was a husband, and a codefendant with his
wife. The wife appeared at the trial but the husband did
not. There the court said (pp 1073, 1074) :

> "The respondent's agreement to assume liability
> for loss in the event of accident was expressly condi-
> tioned upon full cooperation by the insured, Hayes, in
> the disclosure of all facts known by him pertaining
> to the happening of the accident, and the rendition by
> him of aid in the securing of evidence, the attendance
> of witnesses at the trial, and the prosecution of any
> appeal. According to the complaint, Hayes was the
> principal actor in the main case, the party against
> whom negligence was charged. He, in turn, was the
> principal cross-complainant, charging negligence
> against the appellant. He was a party to the action,
> and, under the issues raised by him in his answer

and cross-complaint, he was a necessary and vital witness. His failure to attend the trial and there disclose the facts known to him regarding the accident was a breach of his contract of insurance and therefore barred any recovery on the policy by him. . . . Under its contract, the respondent here was entitled to the assistance of the insured, in so far as such assistance was lawful, and liability to the insured, under the contract, would not attach if such assistance were withheld. The insured, Hayes, by his conduct breached the terms of the policy. No recovery could, therefore, be had against the insurer for any judgment obtained against the insured, unless the insurer had waived the breach or was in some way estopped to assert it."

From the foregoing statement, it appears that it was "his contract of insurance," and the only person insured was the husband, the owner and driver of the car, and the wife was not named an insured. This case is not persuasive here, where all defendants were named as insureds.

Plaintiff argues, "the Dazeys retained title to their building and apparently still do so. Very often the licensee has sold his tavern, lost his license, or for various reasons cannot be served with summons. The injured party can nevertheless sue the property owner alone and recover under the Dram Shop Act of Illinois. This is the very reason every dram shop policy insures not only the operator of the tavern, but the owner of the building premises as well."

Plaintiff also argues that the Illinois courts hold there are three distinct remedies, and cites Hyland v. Waite, 349 Ill App 213, 110 NE2d 457 (1953), where it is said (pp 215, 216):

"Section 14 of the Dram Shop Act . . . gives to one injured in consequence of the sale of intoxicating

liquors three distinct remedies. He may sue the tavern keeper alone and obtain a personal judgment against him; he may sue the tavern keeper and the owner of the building jointly and obtain a personal judgment against them; or he may sue the owner of the building separately and obtain a personal judgment against him."

An examination of section 135 of the Dram Shop Act (Ill Rev Stats 1959, c 43) states that the statutory liability of the lessor or property owner is "severally or jointly, with the person or persons selling or giving liquors aforesaid . . . ."

In Canadian Radium Corp. v. Indemnity Ins. Co., 411 Ill 325, 104 NE2d 250 (1952), it is said (p 332):

"The construction to be given insurance contracts, like other contracts, should be a natural and reasonable one. . . . If the language is clear, the terms are to be taken and understood according to their plain, ordinary and popular sense. . . . But because the insurer is the one who prepares the contract, ambiguous or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer."

These principles should be applied here, notwithstanding the policy is not in the record.

■ Although the one policy of insurance covered the three parties named therein, and the extent of their liability under the Dram Shop Act was identical and dependent upon the same facts, we are not persuaded that their interest in the instant insurance policy was intended to be only joint and not joint and several. The status of the three insureds here, their factual knowledge and their ability to cooperate were obviously different. The cooperation required of the tavern operator may not have been the same as that of the lessor or property own-

er. Therefore, in the absence of the policy in the record, and without the citation of pertinent authorities, we believe the policy obligation to cooperate in the instant case should be considered to be joint and several and the asserted noncooperation of the tavern operator Carter cannot be used by Highway as a defense against plaintiff's judgment against the Dazeys, the owners of the property in which the Dram Shop Act violation occurred.

For the reasons given, the garnishment judgment appealed from is affirmed.

Affirmed.

KLUCZYNSKI, P. J. and BURMAN, J., concur.