Ludwig Music House, Inc., a Corporation, and Dolors Thompson, Plaintiffs-Appellees, v. State Farm Mutual Automobile Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 68–60.

Fifth District.

March 5, 1969.

Rehearing denied April 7, 1969.

Brady, Donovan & Hatch, of Belleville, for appellant.

McGlynn & McGlynn, of East St. Louis (Charles M. Whealon, of counsel), for appellees.

EBERSPACHER, J.
This is an appeal from a judgment entered on March 8, 1968, by the Circuit Court of St. Clair County, Illinois, wherein the plaintiff, Ludwig Music House, Inc., and its employee, Dolors Thompson, brought suit against the State Farm Mutual Automobile Insurance Co., hereinafter referred to as State Farm Mutual, wherein the plaintiffs claimed to be entitled to the benefits under an automobile insurance policy issued by State Farm to Dolors Thompson.

There is no disputed fact question and the facts necessary for the disposition of this case are as follows:

In 1958 Dolors Thompson was employed by Ludwig Music House and in this capacity went to the home of Edna Wood to finalize the sale of an organ. In the process she picked up another organ owned by Mrs. Wood which was a trade-in in the sale. Apparently, Mrs. Wood assisted Dolors Thompson in placing the organ in Mrs. Thompson's private automobile for its transportation to Ludwig Music House.

In the summer months of 1960 Mrs. Wood brought suit against Ludwig and Mrs. Thompson wherein she alleged that she had sustained certain back injuries while assisting Mrs. Thompson in loading the trade-in organ into Mrs. Thompson's car. In May of 1960 summons was served upon Ludwig but service was refused by Mrs. Thompson because the summons designated that defendant as Loretta Thompson, not Dolors. It was then she learned that Mrs. Wood was making a claim and she told the Ludwig people about it. It was not until July 17, 1961, that Mrs. Thompson was served with a summons with her proper name. She took the papers to her employer, Ludwig Music House, Inc., and was advised that "employees were insured, I didn't have anything to worry about. Actually the person was suing Ludwig Music House. I didn't hear a thing for a long time."

Six months later on January 19, 1962, Mrs. Thompson was questioned by an adjuster from the American Insurance Group which was the insurer for Ludwig Music House. He asked questions concerning her car, so she notified her insurance agent. On either this or a later occasion the adjuster told Mrs. Thompson to contact her automobile insurer, State Farm Mutual. On January 30, 1962, counsel employed by American wrote State Farm Mutual sending them a copy of Mrs. Wood's complaint, advised of the dates of service on both Ludwig and Mrs. Thompson, that he had filed an answer for Ludwig,

28

tendered the defense of Ludwig and requested that State Farm Mutual have their attorney enter his appearance of record as attorney for Ludwig upon which counsel would withdraw as attorney for Ludwig. In February 1962, American's counsel advised State Farm's counsel that Mrs. Thompson's deposition was being taken on February 24 by Mrs. Wood's attorney, requesting State Farm's counsel's presence, and also requesting State Farm's counsel to be present at American's counsel's office earlier on the 24th at which time he planned to discuss the matter with Mrs. Thompson "prior to presenting her for said deposition," and requesting the presence of State Farm's counsel at that time "in order to give the said Dolors Thompson whatever legal services you deem advisable in defending this claim."

On April 4, 1962, State Farm Mutual advised the American Insurance Group, through its attorneys, that it disclaimed all liability, defense or protection to both Ludwig and Mrs. Thompson under Mrs. Thompson's automobile insurance policy. Thereafter the American Insurance Group compromised and settled Mrs. Wood's claim for the sum of $8,500, without any consultation of Mrs. Thompson and without her knowledge.

The present suit was initially instituted in the form of a suit for declaratory judgment. After its dismissal upon motion of the defendant, the plaintiffs were permitted to file an amended complaint for money damages. Subsequent pleadings included a motion to dismiss and answer with affirmative defenses by the defendant.

The cause was tried before the Court sitting without a jury. The only oral testimony presented was that of Mrs. Thompson, as defendant's witness, the rest of the evidence being stipulated by the parties. Mrs. Thompson testified that she had no knowledge of this suit until the Friday before trial. At the conclusion of the case the Court entered judgment for the plaintiffs in the sum of $9,272.50.

This sum is the total of the sum of $8,500 paid to Mrs. Wood in settlement of her claim and $1,072.50 for attorney's fees and costs involved in the defense of Mrs. Wood's suit against the plaintiffs. It was stipulated that this total sum was paid by the American Insurance Group.

The defendant in its effort to reverse the judgment argues here, as in the Court below, that the suit has not been brought by the real party in interest, that an employer does not become an additional insured under the "omnibus clause" of an automobile insurance policy, that Mrs. Thompson failed to comply with the policy condition of notice to her insurer "as soon as practicable" after the accident, that under the terms of State Farm's policy no action lies against the insurer when settlement is made by an insured without consent of the insurer and lastly that if State Farm's policy is applicable, Ludwig is bound by the "other insurance" clause. The gist of the defendant's argument is that if the action is brought by the plaintiffs for the benefit of a subrogee, they have failed to allege it, and if brought in their own right, they have failed to allege or prove any damage.

The plaintiffs in their brief quite candidly admit that "the present action is not a subrogation action." The brief continues: "There has been no showing of any subrogation alleged or complained as to either the plaintiffs, particularly Dolors Thompson. The release in the original law suit released the appellees herein and they, particularly Dolors Thompson, have an interest in enforcing her insurance agreement with the State Farm Mutual."

The plaintiffs admit that the present action is not a subrogation action but insist that the action is brought upon the contract between Dolors Thompson and the State Farm. However, neither of the plaintiffs have suffered a loss nor proved any damages and as a result we need not determine whether Ludwig was an insured

30

under Mrs. Thompson's State Farm policy. The settlement made with Mrs. Wood was made and paid for by Ludwig's insurer, American Insurance Group, without the knowledge of Mrs. Thompson. We further note that paragraph 16 of the plaintiff's amended complaint states:

"The defendant herein, by and through its insurance policy as is stated aforesaid, is indebted to the plaintiff herein for the amount of the aforesaid settlement paid to Edna Wood, and the attorney's fees paid by them in the defense of the aforesaid claim, and the monies expended by them in preparation of the defense of the aforesaid claim."

This allegation was not sustained by the evidence inasmuch as it was stipulated that the plaintiffs did not pay for the settlement or the attorney fees. We also note from the evidence that Mrs. Thompson did not authorize the present suit and in fact had no knowledge of its existence until she was subpoenaed to testify by the defendant. We find this fact to be inconsistent with the plaintiffs' assertion that the suit is based on the contract and was brought in an effort of enforcing the plaintiffs' insurance agreement with State Farm.

We have been cited chapter 110, section 22, subsection (3), Ill Rev Stats 1965 [1] and have considered the Historical and Practice Notes, applicable thereto, Osgood v. Chicago & N. W. Ry. Co., 253 Ill App 465, and Brosam v. Employer's Mut. Cas. Co., 61 Ill App2d 183, 209 NE2d 350; in the latter plaintiff was a judgment debtor of the insured and brought suit for the amount of that judgment which is clearly distinguishable from the present case.

---

[1] "Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee; provided, the subrogee shall in his pleading on oath, or by his affidavit if pleading is not required, allege that he is the actual bona fide subrogee and set forth how and when he became subrogee."

Since plaintiff does not rely on subrogation those cited authorities are of no consequence here. The decisive factor here is the necessary element of damages to the plaintiffs; it is wholly missing here. See Childress v. State Farm Mut. Automobile Ins. Co., 97 Ill App2d 112, 239 NE2d 492 at 497.

We find no evidence in the record of any damage incurred by the plaintiffs, nominal or otherwise, and that accordingly, the judgment of the Circuit Court of St. Clair County must be reversed.

Judgment reversed.

GOLDENHERSH and MORAN, JJ., concur.