CAROL GIANINNI *et al.,* Plaintiffs-Appellees, *v.* CHARLES BLUTHART *et al.,* Defendants-Appellees—(CHARLES BLUTHART *et al.,* Third Party Plaintiffs, Appellees, *v.* LAKE SHORE MUTUAL INS., Third Party Defendant, Garnishee Defendant, Appellant.)

(No. 53744;

First District——April 19, 1971.

Greenberg, Ziv & McCarthy, of Skokie, (Sherwin Greenberg, of counsel,) for appellant.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago, (James J. Hoffnagle, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This appeal involves a difference of opinion between two insurance carriers as an aftermath of what now appears to have been a minor automobile accident. As the record is lengthy, this opinion must necessarily present a summary of the pertinent facts as well as references to the pleadings. There is no material factual dispute. The judgments appealed from were entered by the court without a jury upon a stipulated series of exhibits.

A collision took place on October 18, 1960. One automobile was

owned by John Gianinni and driven by his wife, Carol. This vehicle was standing at the time. The other automobile was owned by defendant, Charles Bluthart, and driven by his cousin, the defendant, Robert Zincoris. Zincoris was driving with permission of Bluthart but no agency existed.

Liability insurance for Bluthart was carried by Lake Shore Mutual Insurance Company ("Lake Shore") which appears here as a third party defendant and also as garnishee. It is agreed that, since Zincoris was operating the automobile with the permission of the name insured, coverage under this policy extended to him. In addition, Zincoris was covered by a liability policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") to his mother, Edith Zincoris. At the time, Zincoris was a minor 17 years of age. It is further agreed that under its policy State Farm was the insurer in event of recovery in excess of the limits of the Lake Shore policy.

At this point, the statement of facts may be virtually chronological:

November 4, 1960, a notice of the accident, including an attorney's lien, was sent to Lake Shore by the attorneys for Carol and John Gianinni. This letter claimed that property damage as well as personal injuries had been suffered.

November 8, 1960, Lake Shore wrote to Bluthart advising him of receipt of the lien, stating that they had not heard from him regarding the matter and advising that any claim under the policy would be denied unless Bluthart contacted their office for discussion. On the same date, a representative of Lake Shore called Zincoris on the telephone, found him unavailable and spoke only to his mother. Lake Shore attempted to reach Zincoris on the telephone, without success, on November 16, 1960 and also on November 19, 1960.

November 26, 1960, Bluthart sent Lake a so-called SR-21 report covering the facts of the occurrence. However, on November 29, 1960, Lake Shore wrote Bluthart acknowledging receipt of this form but enclosing another accident report form with the request that it be completed and returned. Apparently this request was not fulfilled because, on December 14, 1960, Lake Shore again wrote Bluthart sending a copy of the requested form, stating that this letter was their third request and that without compliance within ten days, "we shall have no alternative but to send you our reservation of rights and deny all liability in this matter."

January 27, 1961, Lake Shore again wrote to Bluthart and stated that the loss had been investigated and had been given careful consideration but that coverage would be denied. The stated reason was violation by Bluthart of a condition of his policy which required him to give sufficient written notice of the occurrence to the insurer.

February 10, 1961, Zincoris reported the occurrence to State Farm for the first time.

February 13, 1961, a representative of State Farm visited Zincoris and took a statement from him.

February 21, 1961, Bluthart completed and returned to Lake Shore the report form which they had previously sent him.

February 24, 1961, State Farm wrote to Lake Shore enclosing a copy of a letter from an attorney directed to Zincoris concerning the property damage claim of plaintiff, John Gianinni.

May 24, 1961, John and Carol Gianinni filed suit against Bluthart and Zincoris for damage to the vehicle and personal injuries suffered by Mrs. Gianinni. The *ad damnum* as to each claim was $2,000.00. The record shows that personal service of summons was made on Zincoris on May 26, 1961. The original action subsequently proceeded to trial on an amended complaint adding an allegation of agency between Bluthart and Zincoris.

June 5, 1961, State Farm wrote to Lake Shore, advised of the pendency of the suit, tendered defense to Lake Shore and stated that State Farm would look directly to Lake Shore for reimbursement of expenditures, fees and expenses. The letter also advised that the disclaimer of coverage, above referred to and sent to Bluthart on January 27, 1961, was, according to the "impression" of State Farm, inadequate to terminate the obligation of Lake Shore. The complaint and summons were enclosed in this letter.

June 20, 1961, Lake Shore replied to State Farm and returned the summons and complaint. Lake Shore denied the tender of defense on the grounds that notice was not sent to it until November 17, 1960, and that there was a complete failure to cooperate by Bluthart and Zincoris. The record shows that, on June 23, 1961, counsel retained by State Farm filed an appearance for Bluthart and Zincoris, an answer for Zincoris and a motion to dismiss for Bluthart. It should also be noted that, on August 7, 1961, Zincoris gave a statement to the attorneys which State Farm had retained for him, and also on November 20, 1962, he appeared for the taking of his deposition in the case.

State Farm wrote two subsequent letters to Lake Shore; on August 27, 1961, and again on March 11, 1963. These letters tendered defense of the action to Lake Shore. No reply was made.

On September 29, 1964, a third party complaint was filed by Bluthart and Zincoris against Lake Shore. Lake Shore responded by filing a motion to dismiss upon the theory that any obligation or liability of Lake Shore should properly be determined in a declaratory judgment action or by garnishment. Written memoranda, including citations, were

filed by the opposing parties in connection with this motion. On December 28, 1964, the trial court denied the motion to dismiss but in effect severed the issues made by the third party complaint by ordering that these issues be tried after determination of the matters involved in the original complaint.

The issues in the main cause were submitted to a jury. Counsel retained by Lake Shore appeared in this action in behalf of Bluthart only. This counsel moved the court to direct a verdict of not guilty for Bluthart at the close of all the evidence and that motion was granted. The jury returned two verdicts against Zincoris. One covered damages of Carol Gianinni for her personal injuries in the amount of $250.00 and the other reflected damage to the Gianinni vehicle in the amount of $207.61. On January 18, 1965, the trial court entered judgments on these verdicts.

On March 1, 1965, with leave of court, Bluthart and Zincoris, as third party plaintiffs, filed their amended third party complaint against Lake Shore. Third party plaintiffs demanded a judgment for costs, expenses and attorney's fees in the amount of $1,176.25 incurred "by and through" State Farm. Zincoris also prayed judgment for the benefit of Carol and John Gianinni in the amount of the judgments entered in their favor together with costs. A motion to strike the amended third party complaint was filed by Lake Shore. Upon denial of this motion, an answer to the amended third party complaint was filed by Lake Shore. No affirmative defense was raised. In addition, garnishment proceedings were instituted against Lake Shore and State Farm by the Gianinnis and interrogatories and summons in garnishment were duly served.

Upon hearing, on September 20, 1968, the court entered judgment in favor of John Gianinni and against Lake Shore as garnishee in the sum of $207.61. Also, judgment was entered in favor of plaintiff, Carol Gianinni, against Lake Shore as garnishee in the sum of $250.00. Judgment was "entered in favor of the third party plaintiff" State Farm against Lake Shore for $1,116.00. State Farm was discharged as garnishee.

Lake Shore seeks reversal of all three of the judgments. As regards the judgment in favor of State Farm, a procedural point is raised as to the legal propriety of the third party proceedings. Also as regards this judgment, a question is raised on the merits on the theory that there is no proof of damages sustained by State Farm. As regards the two judgments entered against Lake Shore as garnishee, the point is raised that the failure of Zincoris to cooperate prevents imposition of liability upon Lake Shore. Each of these three points will be considered in order.

■■ The first point must be considered in the light of the pertinent and governing statute. (ch. 110, par. 25.) This section of the Practice Act is the basis for present third party practice. The purpose and intent of

this statute seems apparent. It is intended to eliminate the filing of additional suits and to provide a tool with which necessary parties may be brought before the court for, "a complete determination of a controversy" within the original case. (ch. 110, par. 25 (1).) When the third party complaint was first filed by Bluthart and Zincoris, on September 29, 1964, it was then evident that the matter went far beyond the simple issue of damages caused by the incident described in the Gianinni complaint. By that time, there was a controversy between the insurance carriers with Lake Shore denying liability and with State Farm defending against the claim only after repeated written notices to Lake Shore that an attempt would be made to hold it liable for attorney's fees and all expenses. From this it would seem that the object and intent of the statute would best be served by permitting final decision in the one original action without the need of sending the parties to new litigation.

However, Lake Shore argues strenuously the additional language of the statute (ch. 110, par. 25 (2)):

"Nothing herein applies to liability insurers or creates any substantive right to contribution among tortfeasors or against any insurer or other person which has not heretofore existed."

The pertinent language here is the phrase, "Nothing herein applies to liability insurers * * *." Examination of the reasons for use of this language causes us to reject the contention made by Lake Shore. In *Marchlik v. Coronet Insurance Company*, 40 Ill.2d 327, the Supreme Court considered the question as to whether public policy of Illinois precludes direct action against an insurer when expressly authorized by the statutory law of the place of commission of the tort. The Supreme Court held that public policy of Illinois precludes the use of our courts for direct action against an insurer prior to judgment. A subsequent decision of the Appellate Court, cited by Lake Shore, held directly that the defendant's insurer may not be made a party to a tort action prior to determination of that defendant's liability. (*Sims v. Sneed*, 118 Ill.App. 2d 294.) In this regard, the Appellate Court rejected an argument that present-day circumstances justify a change in the rule, as exemplified by a decision of the Florida Court of Appeals. (*Bussey v. Shingleton*, 211 So.2d 593.) Recognition of this deeply imbedded policy will account for the statutory language forbidding application of third party practice to liability insurers. This basic rationale of the statute is the key to its true intent and meaning.

■■ We construe this cited section of the statute not as a completely mandatory and inflexible prohibition of use of third party practice against any insurer at any time or in any circumstances, but simply as

forbidding such practice under circumstances which will intermingle the issue of liability of the insurer with liability of the insured and assessment of damages. In the case at bar, the court permitted filing of the amended third party complaint against Lake Shore but expressly directed that the issues be tried after disposition of the original complaint for damages. This in effect severed the third party issues from the original complaint and effectively insulated Lake Shore from the dangers, actual or imagined, inherent in commingling of these matters with problems of liability and damages in the original case.

██ Furthermore, the basic purpose of the Illinois Practice Act is elimination of technicalities and the liberalization of formal rules to achieve flexibility and justice. We should attempt by liberal construction "to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense." (*Rank v. Rank*, 107 Ill.App.2d 339, 342.) For example, in *McDonald v. Trampf*, 49 Ill.App.2d 106, the use of third party procedure in a case which commenced as a garnishment was expressly approved.

██ It should be carefully noted that in the case at bar there was a denial of coverage by the primary insurer, a tender of the original action by the excess insurer and a refusal of that tender by the original insurer. Therefore, it was apparent to the court when the amended third party complaint was filed that this dispute might well require additional litigation after determination of the issues in the original cause. We conclude that the amended third party complaint was properly filed, and was properly postponed for subsequent hearing.

The next issue is substantive regarding the merits of the judgment entered on the amended third party complaint against Lake Shore. Lake Shore contends that there is no showing of loss or expense sustained by Bluthart and Zincoris but that all expenses incurred were simply and only those of State Farm. Lake Shore cites and relies upon *Ludwig Music House, Inc. v. State Farm Mutual Automobile Insurance Company*, 108 Ill.App.2d 27. In that case, there was no relation of any kind between the two disputing insurers. In the case at bar, there is definitely a legal relationship between the two insurance companies predicated upon the terms of the State Farm policy, known to Lake Shore, which placed the burden of excess coverage upon State Farm. Furthermore, in *Ludwig*, one insurer settled the claim without knowledge of the other or its policyholder. The cited case has no application here.

The case of *Dworak v. Temple*, 17 Ill.2d 181, cited by Lake Shore, is a convincing authority for affirmance of the judgment which would reimburse State Farm. Dworak sued for the use of Allstate Insurance against

a tavern owner and an intoxicated person who had allegedly caused Dworak property damage which was paid by Allstate. Upon review of the authorities, the Supreme Court held that the insurance carrier could not assert a claim under the Liquor Control Act in its own right but that it could as a subrogee of its assured. The court described the principle of subrogation as an expanding doctrine, "which originated in equity, and is now an integral part of the common law * * *." (17 Ill.2d 181 at page 190.) At the same point in the opinion, the court defined the principle as follows:

"Under this doctrine of subrogation, a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful acts of another will be given the rights of the injured person against the wrongdoer."

■■ Another case supporting this view is *New Amsterdam Casualty Company v. Underwriters at Lloyds*, 34 Ill.2d 424, cited in State Farm's brief. There, Lloyds was the primary insurer and New Amsterdam was liable only for excess coverage. Lloyds rejected a tender of defense of an action against the assured made to it by New Amsterdam. The latter settled the case and sued for the amount of settlement and expenses. The Supreme Court held that New Amsterdam was entitled to reimbursement. The court pointed out that New Amsterdam, as excess insurer, had an interest to protect; precisely as State Farm was obliged to act to protect its own interests in the case at bar. In protecting this interest, State Farm advanced various expenses in behalf of the policyholder which actually should have been borne by Lake Shore. It follows that State Farm is entitled to reimbursement by way of subrogation to the right of its insured to require payment of these expenses by Lake Shore. The judgment against Lake Shore for the costs and expenses admittedly incurred in defense of the original action in the sum of $1,116.00 was proper and should be affirmed.

■■■ As regards the judgments in garnishment in favor of John and Carol Gianinni, the defense by Lake Shore is predicated upon alleged failure of Zincoris to cooperate with Lake Shore. This is a good theoretical defense. It is well established that wilful refusal of the assured to cooperate in defense of the claim may give the insurer a defense. This may be asserted in garnishment proceedings to prevent recovery from the insurer by the judgment creditor. (*Mertes v. Central Security Insurance Co.*, 103 Ill.App.2d 171; *Gallaway v. Schied*, 73 Ill.App.2d 116, 122; *Burchette v. Carter*, 69 Ill.App.2d 376, 378.) It is similarly well established that a permissive driver is under the same obligation and duty as the named assured. *Zitnik v. Burik*, 395 Ill. 182, 187; *Theetge v.*

*Williams,* 35 Ill.App.2d 399; *Pawlik v. Nichols,* 195 F.Supp. 735, 740.

■■ However, lack of cooperation is an affirmative defense and the insurer which would rely upon it has the burden of proof. *Janssen v. Worthington,* 99 Ill.App.2d 125, 129; *Ray v. Johnson,* 81 Ill.App.2d 456, 459; *Penn for Use of Riley v. Progressive General Ins. Co.,* 74 Ill.App.2d 32, 36; *Cuttone v. Peters,* 67 Ill.App.2d 1, 4, 214 N.E.2d 499, 501.

■■ To state the matter simply, the defense of noncooperation raised an issue of fact upon which Lake Shore had the burden of proof. Upon examination of all pertinent documents as stipulated by the parties, and after hearing argument of counsel, the trial court rejected this defense. Under these circumstances, we will accept the factual result reached by the trial court unless it is manifestly against the weight of the evidence. *Kanter v. Trueheart,* 100 Ill.App.2d 316, 323; *Janssen v. Worthington,* 99 Ill.App.2d 125, 130; *Penn for Use of Riley v. Progressive General Ins. Co.,* 74 Ill.App.2d 32, 37.

■■ The evidence shows that Lake Shore merely attempted to reach Zincoris on the telephone. No letter was sent to him nor was personal contact attempted. The sheriff apparently encountered no problem in finding Zincoris. Also, a representative of State Farm interviewed him three days after he reported the incident to them. Zincoris cooperated adequately with his attorneys of record. In our opinion, the judgments in garnishment are more than amply supported by the evidence and should both be affirmed.

■■ Clarification of one minor point remains. The judgment order appealed from, entered September 20, 1968, shows in its caption a designation of the third party plaintiffs as, "Charles Bluthart and Robert Zincoris for the benefit of State Farm Mutual Automobile Insurance Company." However, the order purports to enter judgment, "in favor of the third party plaintiff, State Farm Mutual Automobile Insurance Company and against the defendant, Lake Shore Mutual Insurance Company." State Farm is not the third party plaintiff. In this situation, we will exercise our power to amend the judgment order. (Rule 366(a) (1), 43 Ill.2d 366(a) (1).) Accordingly the judgment order of September 20, 1968, is amended to provide that judgment is entered, "in favor of the third party plaintiffs, Charles Bluthart and Robert Zincoris, for the benefit of State Farm Mutual Automobile Insurance Company and against Lake Shore Mutual Insurance Company for $1,116.00." This judgment is affirmed as amended.

Accordingly, the judgments in favor of John Gianinni and Carol Gianinni against Lake Shore and each of them are affirmed. The judgment in favor of the third party plaintiffs Charles Bluthart and Robert Zin-

464

coris, for the benefit of State Farm and against defendant, Lake Shore, is affirmed as amended.

Judgments in favor of Carol Gianinni and John Gianinni affirmed.

Judgment in favor of Charles Bluthart and Robert Zincoris, etc., Third party plaintiffs affirmed as amended.

BURKE, P. J., and LYONS, J., concur.