Robinson & Co. v. Marr, 206 Ill. App. 12.

· MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1725*—*when decision on former appeal is controlling.* On a bill to establish the priority of liens on the proceeds of a foreclosure sale, a landlord's claim to priority *held* to be concluded by an adverse ruling on a former appeal.

2. MORTGAGES—*what are rights of purchaser at foreclosure sale as to removal and storage of furniture of tenant.* Under the facts disclosed, the purchaser of realty sold under foreclosure *held* entitled to remove from the premises the furniture of a tenant of the mortgaged premises, as to which there were conflicting claims between several lienholders, and to cause it to be stored.

3. CHATTEL MORTGAGES, § 153*—*when mortgagee entitled to prior lien over storage company.* Holder of a chattel mortgage on furniture of a tenant of mortgaged premises, *held* to have a prior lien to a storage company with which the furniture had been stored by the purchaser of the real estate on a foreclosure.

---

Robinson & Company, Appellee, v. Andrew Marr. Appeal of Clay, Robinson & Company, Garnishees, Appellants.

· Gen. No. 22,039.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 31, 1917. Rehearing denied June 13, 1917.

### Statement of the Case.

Action of garnishment by Robinson & Company, a corporation, plaintiff, against Andrew Marr, defendant. From a judgment for plaintiff for $2,179.39, against Clay, Robinson & Company, garnishees, the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

garnishees appeal. The case having been before the Appellate Court on three former occasions, the facts will be found in the opinions therein rendered, which are reported in 112 Ill. App. 332; 145 Ill. App. 178; 181 Ill. App. 605.

GEORGE V. McINTYRE, for appellant.

ALDEN, LATHAM & YOUNG, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. GARNISHMENT, § 100*—*when evidence sufficient to show that money was property of judgment debtor.* On appeal by a garnishee, evidence *held* sufficient to support a finding that money in his hands was the property of the judgment debtor.

2. APPEAL AND ERROR, § 1733*—*when decision on former appeal as to admissibility of evidence controls.* Evidence which, on a former appeal, was held improperly excluded is properly admitted on a subsequent trial.

3. EVIDENCE, § 458*—*when answer in garnishment action is admissible on subsequent trial.* On the first trial of an action the first answer of the garnishees was verified by one of the garnishees and stated that the money in the garnishee's hands belonged to the defendant. On the second trial, the answer of the garnishees was on information and belief, was verified by counsel for the garnishees and indicated that the money belonged to others than the defendant. *Held*, that on the second trial it was not error to admit the answer of the garnishees in the first trial in evidence.

4. GARNISHMENT, § 100*—*when testimony in deposition is properly excluded.* Where the issue involved is whether money in the hands of a garnishee is the property of defendant or of others, testimony in a deposition of defendant to the effect that the money did not belong to him but belonged to such others, is properly excluded.

5. GARNISHMENT, § 153*—*when persons interested in fund are concluded by default judgment.* Where persons who garnishees

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

claim are interested in money in their hands, which is alleged to be the property of defendant, are properly notified but enter no appearance and are defaulted the judgment concludes them.

6. GARNISHMENT, § 118*—*when garnishees may not complain of amount of judgment.* Garnishees who, after the writ was served on them, paid the entire amount in their hands to defendant cannot complain that judgment was, entered against them for the amount due the garnisheeing creditor and not for the full amount originally due the judgment debtor.