John Latronica for Use of Adele Ruth De Vries, a Minor, and Joann P. Michener, a Minor, Appellant, v. Royal Indemnity Company, Appellee.

Gen. No. 46,652.

First District, First Division.

January 9, 1956.

Rehearing denied February 1, 1956.

Released for publication February 27, 1956.

Lawlor & Walsh, of Chicago, for appellant; James Maher, and Dudley R. Sullivan, both of Chicago, of counsel.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, for appellee; Joseph W. Griffin, of Chicago, of counsel.

JUDGE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment for the defendant garnishee, the insurer of the nominal plaintiff, hereinafter sometimes referred to as the insured, in an automobile liability policy covering a 1942 Ford for the calendar year commencing May 19, 1942. On March 30, 1943 the beneficial plaintiffs, minors, were struck by a 1935 Ford driven by the insured. Suits on their behalf were brought and consolidated for trial. Judgments for $6,800 and $6,000 for the respective plaintiffs were entered against the insured. These judgments were not paid or satisfied and the instant garnishment suit was instituted. The insurer contends that its policy does not cover the 1935 Ford, and that the insured

breached the provisions of the policy requiring cooperation with the insurer.

The insured acquired the 1935 automobile for $45 on March 19, 1943 and owned it on March 30, 1943, the date of the accident. The policy contained a standard provision for automatic insurance for newly acquired automobiles, the terms of which need not be stated because the parties agree that the policy did not apply to the 1935 Ford if insured owned the 1938 Ford when he acquired the 1935 automobile. The court found that the insured was the owner of the 1938 Ford from the date of its purchase and delivery to him on January 23, 1943 to the date he sold it, March 27, 1943.

Latronica, the insured, was the only witness testifying as to the ownership of the 1938 Ford. He was called as a witness for the beneficial plaintiffs and examined as to the ownership of the 1942 and 1935 Fords. On cross-examination by defendant he was examined as to the ownership and possession of a 1934 Ford and the 1938 Ford. He testified that he bought the 1934 Ford as a "junker" in March 1943; the motor was burned out; he pulled it from the seller's home to his gas station; it was never repaired or operated; he bought it for the rubber—the tires; after transferring the tires he sold it to a junk dealer March 17, 1943 for five or ten dollars; he gave the junk dealer the certificate of title he got when he bought it.

Latronica further testified that he did not buy a 1938 Ford; in January or February 1943 his son-in-law James Collachia bought the 1938 Ford involved herein in Gilman, Illinois; the car was brought to Chicago and kept in one of two garages at 9517 South Moody Street; the premises at that time consisted of a story-and-a-half home and two garages and were owned by Latronica's wife; Collachia lived in the upstairs flat; it was war time and, because under the regulations tires could

339

not be transferred from one automobile to another unless both cars were owned by the same person, Latronica applied to the Secretary of State for registration of the title to the 1938 Ford in his own name; after the transfer of the tires to the 1938 car he transferred the car on March 27, 1943 to his son-in-law; he did not own the 1938 Ford when he applied for registration of title to it; he never operated it; his son-in-law did.

The original certificate of title for the 1938 Ford, received in evidence, shows title in Delmar E. Short of Gilman, Illinois, and assignment by him to James Collachia, 9517 South Moody Street, Oak Lawn, Illinois.

Latronica was further cross-examined as to two exhibits dated March 31, 1943, signed by him. A representative of the insurer who in 1943 had been in its employ for eleven years and was then assistant manager of the south and west side, investigator and adjuster, testified that he wrote the exhibits in Latronica's presence; that the phrasing of the exhibits was his— he composed them. Latronica testified that statements in the exhibits such as "I bought the 1938 Ford . . . and had it ten days, about, and sold it to my son-in-law," and "I bought the 1938 Ford . . . because it was a bargain at $100 cash and the son-in-law could not swing it and I handled it for him," were not true.

This resume of Latronica's testimony shows that he made statements out of court inconsistent with his testimony—in his unsworn statements to defendant and in his sworn application to the Secretary of State. He testified that these statements were not true. As the statements out of court are not evidence of the matters stated (People v. Scott, 296 Ill. 268, 274; Johnson v. N. K. Fairbank Co., 156 Ill. App. 381), there is nothing in the record to show that he testified falsely.

██ The statements of Latronica out of court are not admissions of fact binding on the beneficial plain-

340

tiffs. Generally, declarations of the nominal party are not admissible against the real party. 20 Am. Jur., Evidence, sec. 591. Neither privity of interest nor special circumstances bring the statements of Latronica within the exceptions to the rule. In Robinson & Co. v. Marr, 206 Ill. App. 12 (opinion No. 22039, abst.), a garnishment case, this court said:

"It is further contended that under the law the judgment creditor has no greater rights against the garnishees than the defendant, and that as the defendant Marr testified in a deposition that the money in the hands of the garnishees did not belong to him, but that it was the property of other persons, this would have estopped Marr to assert any claim against the garnishees, and for this reason would also estop the plaintiff. The record discloses that this testimony of Marr was excluded by the court, and it is manifest that the ruling was proper."

The exhibits in evidence, in the making of which Latronica had no part, corroborate him. The original certificate of title for the 1938 Ford shows title in Short and its assignment to Collachia. In the absence of evidence tending to show a transfer of title by Collachia, the title is presumed to remain in him. 5 Am. Jur., Attachment and Garnishment, sec. 1033. The procurement of a certificate of title by Latronica on his admitted false claim of ownership and subsequent transfer to Collachia, cannot affect the original title of Collachia received from Short. A like question arose in Fleckenstein v. Citizens' Mut. Automobile Ins. Co., 326 Mich. 591, in which plaintiff, the insured under an automobile liability policy covering a Studebaker car, brought suit on the policy after judgment against him for injuries resulting from his operation of a Chevrolet car which he was using temporarily while the Studebaker was out of normal use because of a damaged or broken motor. Under such circumstances the policy

provided for coverage of a substituted car not owned by the insured. Plaintiff's son had purchased the Chevrolet during his minority, the certificate of title being issued in the father's name. After the son became of age the father assigned the title to the son but the transfer was not made on the official register. The son was inducted into the armed services and during his absence the father procured licenses in his own name for driving the car on the highways while the Studebaker could not be used by misrepresenting himself as the owner of the car. The court held, there being no showing of the retransfer of title from the son to the father, the latter was not the owner of the Chevrolet, was not estopped to deny his ownership and the insurer was liable on the policy.

██ ██ There being no evidence of a transfer to Latronica of the title of Collachia received from Short, Latronica never owned the 1938 Ford and defendant is liable on its policy unless Latronica, the insured, breached the provision of the policy that "The insured shall co-operate with the Company, and upon the Company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits." The purpose of this provision, as stated in Schneider v. Autoist Mut. Ins. Co., 346 Ill. 137, is to enable the insurer to make a proper defense to damage claims against the insured or, as said in 5 Am. Jur., Automobiles, sec. 545, to protect the insurer against collusion between the insured and persons claiming damages for alleged torts. The language of the co-operation clause requires co-operation of the insured only in matters of defense and settlement of claims as requested by defendant. As to these matters the evidence shows only that within a few hours after the accident Latronica gave to defendant a signed statement of the facts of the occurrence. It is not in

342

evidence. There is no charge that it is inaccurate or incomplete or that Latronica at any time failed to comply with any request of defendant to do any of the things enumerated in the co-operation clause.

■ Defendant contends that if Latronica did not own the 1938 Ford the statements of the purchase and sale of the car in the exhibits dated March 31, 1943 are false and misleading and therefore a breach of the co-operation clause. This contention ignores the distinction between matters of defense and settlement of damage claims, in which the insurer and insured should have a common interest, and matters of coverage of the policy, in which the interests of the insurer and the insured are adverse and as to which they deal at arm's length. The statements relied on by defendant, if false, are misrepresentations of facts material to the coverage of the policy but wholly without relevancy to the question of liability of the insured to the persons injured by the operation of the 1935 Ford. This fact distinguishes the case of Preferred Acc. Ins. Co. of N. Y. v. Grasso, 186 F.2d 987, where the ownership of the automobile involved in the occurrence and whether the employee driving the car was engaged in the business of the insured were material on the question of the coverage of the policy as well as on the liability of the insured for the acts of his employee.

There is no evidence of any breach of the co-operation clause.

The judgment is reversed and the cause remanded with directions to enter judgment against the defendant garnishee.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.