John C. Leoetobte, J.
This action is brought by plaintiff under section 167 of the Insurance Law to recover the sum of $537, the amount of a judgment which she previously obtained against the assured, Jennie Zukowski, as damages for personal injuries sustained by her because of the assured’s negligence in the operation of a motor vehicle. The policy of automobile liability insurance executed by defendant in favor of assured was in effect at the time of the accident. In the earlier action the defendant disclaimed liability on the policy of insurance issued to its assured upon the ground that she failed to co-operate with defendant. The assured retained other counsel and after a trial the plaintiff herein recovered a judgment against the assured. The judgment having remained unsatisfied, plaintiff institutes this action against the defendant pursuant to the provisions of the Insurance Law.
In this action the defendant interposes an affirmative defense that the assured breached a condition of insurance in that she failed to co-operate in the defense of the action brought by plaintiff against her. The disclaimer of defendant is based principally upon the fact that the assured signed a statement in which she stated that the accident occurred when the infant plaintiff fell from the assured’s automobile while it was in motion due to the opening of the right rear door. In this statement the assured stated that her husband had closed the door while she was seated behind the driver’s wheel and that upon inspection of the right rear door of said automobile it was in good condition. In an examination before trial taken in the earlier action she testified *141 that the spring of the right rear door had been broken for a period of about three or four months prior to the date of the accident and that she, not her husband, had closed the door before proceeding.
At the trial of the instant action the assured testified that the statement which she signed was prepared by an investigator employed by the defendant. She denied that she ever told the investigator the right rear door of her automobile was in good condition and stated that when her automobile was inspected by the investigator she called his attention to the defective spring on the door of her automobile. She also testified that she did not read the statement before she signed it since she had very little schooling.
It is the defendant’s contention in this case that its disclaimer of liability was proper and that it was not obligated to defend the assured in the earlier action and that therefore no liability can be attached to it in the instant case. The plaintiff contends that the disclaimer was improper and that the defendant was obligated under the contract to defend the earlier action and to pay any judgment recovered therein.
In order to be relieved of liability, the defendant had the burden of establishing that there was a breach of the provisions of the policy which required a statement by the assured of the circumstances of the accident and the assistance and co-operation of the assured in the conduct of their action (Insurance Law, § 167, subd. 5). In my opinion, the defendant did not maintain its burden of proving such failure or refusal to co-operate. Nor was there sufficient evidence of bad faith or of collusion between the plaintiff and the assured. Lack of good faith by the assured must be proved and is not to be inferred (Roth v. National Auto. Mut. Cas. Co., 202 App. Div. 667; Albert v. Public Serv. Mut. Cas. Ins. Corp., 266 App. Div. 284).
The two statements of the assured, Mrs. Zukowski, are not incapable of reconciliation. A mere variance does not constitute lack of co-operation. The conduct of the assured in furnishing an incorrect though not intentionally false statement to the defendant on July 15, 1953, when she was interviewed by the defendant’s investigator, which tended to absolve her from blame, and with which her testimony taken at the examination before trial was in substantial conflict, the latter constituting virtually a confession of negligence on her part, would not furnish a defense to the insurer in the absence of evidence that the testimony given at said examination before trial was false (Albert v. Public Serv. Mut. Cas. Ins. Corp., supra; Guerin v. Indemnity Ins. Co., 107 Conn. 649).
*142 The defendant relies upon the case of United States Fid. & Guar. Co. v. Ton Bargen (7 A D 2d 872) in support of its contention that its disclaimer of liability in this case was proper. However, that case is distinguishable from the case at bar since the evidence there established that the assured failed to make a fair and truthful disclosure which would enable the insurer to determine whether there was a genuine defense. Accordingly, the court found that there was a breach of the covenant which required the assured to co-operate with the insurer. In the case at bar the assured testified that at the time she gave her statement to the investigator she informed him of the defective condition of the door and that she never stated to him that the right rear door of her automobile was in good condition. In the case of Coleman v. New Amsterdam Cas. Co. (247 N. Y. 271, 276) the court held as follows: “ Co-operation does not mean that the assured is to combine with the insurer to present a sham defense. Co-operation does mean that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense. ’ ’
• Under the circumstances, I find that the defendant has failed to sustain the burden of proving its disclaimer of liability was proper. Accordingly, judgment is rendered in favor of the plaintiff for the sum of $537 together with interest from January 23, 1959. Ten days’ stay of execution.