Leonard P. Mertes, Plaintiff-Appellant, v. Central Security Mutual Insurance Company, Defendant-Appellee.

Gen. No. 68–43.

Third District.

December 10, 1968.

Rehearing denied January 17, 1969.

Edward Zukosky, of Wenona, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

SCHEINEMAN, J.

On May 30, 1965, Harry R. Ballard, while driving his car, collided with a car driven by Leonard Mertes, in which his wife, Mary Mertes, was a passenger. Ballard carried automobile liability insurance issued by Central Security Mutual Insurance Company. The Mertes filed a suit for damages against Ballard and obtained verdicts of $1,500 for each plaintiff. Thereafter the two Mertes filed this suit in garnishment against Ballard's insurance company. The latter denied liability and defended on the ground that Ballard materially breached the Assistance and Cooperation clause of his policy. The garnishment action was heard by the court and resulted in a judgment for the insurance company. The plaintiffs perfected this appeal.

The defense was under a clause common to this type of insurance that "the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining attendance of witnesses."

There was some dispute as to whether Ballard gave timely and proper notice of the accident. The attorneys retained by the defendant obtained from Ballard a Reservation of Rights and Non-Waiver Agreement.

The defendant wrote Ballard in May, 1966, reminding him that his cooperation was necessary and that it was conducting the defense under the Reservation of Rights and Non-Waiver Agreement. The jury trial of Mertes v. Ballard took place the following December. Prior to that trial the defense elected to contest only the amount of the damages.

██ We agree with the trial judge that the Company received reasonable notice of the accident. It came from Ballard's personal attorney rather than from Ballard himself, but that is sufficient. Simmon v. Iowa Mut. Cas. Co., 3 Ill2d 318, 121 NE2d 509.

As to what happened at the jury trial, the evidence in the garnishment action indicates the following: On

December 7, 1966, attorneys for the defense talked to Ballard by telephone, notifying him of the trial setting December 12 and that his presence was necessary. On December 9 there was another telephone call to Ballard, during which Ballard promised to be in Lacon on December 12 for the trial.

On December 12 Ballard did not appear at the trial in spite of his promise. One of the attorneys for defendant then drove to see Ballard personally, and told him that the trial was in progress, and that his appearance was required. Ballard promised to appear in court that afternoon but declined the attorney's offer to provide transportation. Ballard did not appear at any time during the trial.

It is contended for plaintiffs the evidence did not show either a lack of good faith or a definite refusal of Ballard to cooperate. We cannot agree. His refusal to attend the trial was not in words but in acts. His failure to appear after repeated promises to do so, shows lack of good faith and a wilful refusal to conform to the requirements of his policy.

We believe it is of great importance in a tort action that the defendant charged with negligence be present at the trial. His absence is a handicap to defense counsel. We believe that no court should conjecture that his indifference did not prejudice his case. So it has been held that a showing of prejudice is not required. Gallaway v. Schied, 73 Ill App2d 116, 219 NE2d 718. The opinion cites Schneider v. Autoist Mut. Ins. Co., 346 Ill 137, 178 NE 466; also a number of decisions from other jurisdictions which announce conclusions similar to those stated herein: Shalita v. American Motorist Ins. Co., 266 App Div 131, 41 NYS2d 507, appeal denied, 266 App Div 885, 44 NYS2d 101; Indemnity Ins. Co. of North America v. Smith, 197 Md 160, 78 A2d 461; Royal Indemnity Co. v. Rexford, 197 F2d 83 (CA 5th, Fla); Glen Falls Indemnity Co. v. Keliher, 88 NH 253, 187 A 473.

173

██ Likewise we do not regard the plaintiffs as entitled to be regarded as third-party beneficiaries of Ballard's contract. He paid for it and agreed to specific conditions. Plaintiffs have no contract with defendant whereby they paid for anything or agreed to anything. In the Gallaway case supra, on similar facts, the court held: "Plaintiffs had no greater rights than those of the insured."

For the reasons given the judgment is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.