(No. 48265.—

M.F.A. MUTUAL INSURANCE COMPANY, Appellant, v. GEORGE D. CHEEK *et al.,* Appellees.

*Opinion filed May 20, 1977.*

UNDERWOOD, J., specially concurring.

Ducey and Feder, Ltd., of Belleville (Cornelius T. Ducey, Jr., of counsel), for appellant.

Crowder & Associates, Ltd., of Columbia (Thomas H. Kuergeleis, of counsel), for appellees.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Here the issue is whether there was a breach of the cooperation clause in a standard automobile insurance policy so that the responsibility of the insurer would be extinguished. It was framed in an action for declaratory judgment brought by M.F.A. Mutual Insurance Company that it was not liable under an automobile insurance policy issued to defendant George D. Cheek for damages suffered by a pedestrian struck by Cheek's car. The insurer alleged a violation of the cooperation clause of the policy.

The circuit court of Monroe County found in favor of the defendants, which included the pedestrian, Harold W. Miller, and his wife, who sought damages for loss of consortium. The Appellate Court for the Fifth District affirmed. (34 Ill. App. 3d 209.) We granted leave to appeal.

The facts were stipulated. On November 12, 1971, Cheek, William Valleroy, and two other persons were riding in Cheek's car. Immediately following the accident with Miller, Cheek told the police, as well as a representative of his insurer, that he had been driving the

automobile at the time. The other occupants in the car gave the same information to the insurer.

On June 2, 1972, the Millers filed suit against Cheek alleging negligence in his operation of the vehicle. The day after Cheek was served with summons, he informed his insurer that Valleroy, not he, was driving the car at the time of the occurrence. The reason for this change in Cheek's version of the accident is not shown by the record.

The insurer advised Cheek that in its opinion he had violated the cooperation clause of the policy by previously informing it that he was the driver. However, the insurer undertook the defense of the personal injury action with a reservation of its rights.

Meanwhile the Millers amended their complaint to allege that Valleroy was driving the car with Cheek's permission, and thus was an additional insured under the omnibus clause of the policy. Both Cheek and Valleroy were parties defendant in the insurer's declaratory judgment action. Both failed to appear and both were defaulted.

The insurer contends that the trial court, having previously entered default judgments against Cheek and Valleroy, could not render a judgment on the merits against it in favor of the Millers. Mr. and Mrs. Miller, plaintiffs in the action against Cheek and Valleroy, were necessary parties defendant to this action by the insurers. (*Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404, 407.) They had a substantial right in the viability of the policy. This could not be defeated by the failure of Cheek and Valleroy to appear in these proceedings.

The principal issue, as we have noted, is whether Cheek's failure to properly advise his insurer that Valleroy was driving the car at the time of the accident was a breach of the cooperation clause so that the insurer had no responsibility for this occurrence. We agree with the appellate court that this failure was not fatal.

At the outset, the purpose of the cooperation clause should be observed. Its objective is to prevent collusion between the insured and the injured, as well as to make possible the insurer's investigation. *Latronica ex rel. De Vries v. Royal Indemnity Co.* (1956), 8 Ill. App. 2d 337, 342; *M.F.A. Mutual Insurance Co. v. Sailors* (1966), 180 Neb. 201, 204, 141 N.W.2d 846, 849; *Arton v. Liberty Mutual Insurance Co.* (1972), 163 Conn. 127, 134, 302 A.2d 284, 288; *Martin v. Travelers Indemnity Co.* (5th Cir. 1971), 450 F.2d 542, 553.

In an action wherein the insurer asserts a breach of the cooperation clause, the burden of proof is upon the insurer to prove what in law constitutes the breach. *State Farm Fire & Casualty Co. v. First National Bank & Trust Co. of Pekin* (1972), 2 Ill. App. 3d 768, 772; *Gianinni v. Bluthart* (1971), 132 Ill. App. 2d 454, 463; *Juvland v. Plaisance* (1959), 255 Minn. 262, 268, 96 N.W.2d 537, 541; *Iowa Mutual Insurance Co. v. Meckna* (1966), 180 Neb. 516, 527, 144 N.W.2d 73, 80; *Mariani v. Bender* (1964), 85 N.J. Super. 490, 500, 205 A.2d 323, 328; *Oregon Automobile Insurance Co. v. Salzberg* (1975), 85 Wash. 2d 372, 377, 535 P.2d 816, 819.

It seems well established that the failure of the insured to correctly inform the insurer of the identity of the driver of the automobile will not constitute such a breach of the cooperation clause if the insured timely corrects the initial report. Illustrative are *Allstate Insurance Co. v. Keller* (1958), 17 Ill. App. 2d 44, and *Rowoldt v. Farmers Mutual Insurance Co.* (1940), 305 Ill. App. 93, wherein the insured repudiated his original version of the occurrence. In *Allstate Insurance Co. v. Keller,* the insured at first told his insurer that he was driving his car at the time of the accident. Some nine months later he advised the insurer that another occupant was driving at the time.

Again, in *Rowoldt* the insured originally denied having been involved in the accident. Some 12 days later, however, he changed his story, and gave a full account to

the insurer. The appellate court pointed out that the rights of the insurer were not shown to have been prejudiced by the delay. The same result is reached by courts of other States where the insured seasonably corrects a prior, untrue statement as to who was operating the vehicle at the time of the contingency insured against. See *Aetna Casualty & Surety Co. v. Mills* (Fla. App. 1966), 192 So. 2d 59; *M.F.A. Mutual Insurance Co. v. Sailors* (1966), 180 Neb. 201, 141 N.W.2d 846; *Mariani v. Bender* (1964), 85 N.J. Super. 490, 205 A.2d 323; *Rivera v. Merchants Mutual Casualty Co.* (New York City Mun. Ct. 1960), 27 Misc. 2d 139, 210 N.Y.S.2d 577; *Henderson v. Rochester American Insurance Co.* (1961), 254 N.C. 329, 118 S.E.2d 885; *Brown v. State Farm Mutual Automobile Liability Insurance Co.* (1958), 233 S.C. 376, 104 S.E.2d 673; Annot., *Liability insurance: misstatement by insured, later withdrawn or corrected, as breach of the co-operation clause,* 34 A.L.R.2d 264 (1954).

Here we have an added reason for insurer responsibility. Under the standard automobile clause, the insurer was liable regardless of whether Cheek or Valleroy was driving.

While in the instant situation no contention of prejudice has been made, we note that in this jurisdiction there is confusion in the appellate court decisions as to the test to be employed in determining when a breach of the cooperation clause in an automobile insurance policy will relieve the insurer. In *Rowoldt v. Farmers Mutual Insurance Co.* (1940), 305 Ill. App. 93, where the court found against the insurer, it employed a test of prejudice, observing:

"Moreover, the rights of the insurance company were not prejudiced by the failure of Rowoldt, the insured, to file the written notice or truthfully to inform the company of the facts in the first instance." 305 Ill. App. 93, 100.

In *Allstate Insurance Co. v. Keller* (1958), 17 Ill. App.

2d 44, 50, the prejudice test was specifically rejected with the court observing:

"Under this view we feel that a timely revelation of the truth might render an incipient breach immaterial (see General Accident, Fire and Life Assurance Corp. v. Rinnert, 170 F.2d 440 (CA 5 1948)), but we reject as obsolete and impracticable the concept that a breach of the co-operation clause must be asserted and determined on the basis of an actual showing of prejudice or detriment to the insurer."

Again, in *Allstate,* it was observed:

"For this reason we are of the opinion that strict compliance is in the best interest of the public and not defendant's theory that failure to comply with the co-operation clause must be shown to be prejudicial to the insurer in order to constitute a breach which would allow the insurer to disclaim liability." 17 Ill. App. 2d 44, 49.

So also *Standard Mutual Insurance Co. v. Kinsolving* (1960), 26 Ill. App. 2d 180, involving a misrepresentation by the insured as to who was driving the automobile, and *State Farm Fire & Casualty Co. v. First National Bank & Trust Co. of Pekin* (1972), 2 Ill. App. 3d 768, where the insured gave a false account of the events preceding the accident concerning her drinking, were determined on the issue whether there had been a breach of the cooperation clause. Each adhered to the *Allstate* rule (*Allstate Insurance Co. v. Keller* (1958), 17 Ill. App. 2d 44). To the same effect, see *Prudence Mutual Casualty Co. v. Dunn* (1961), 30 Ill. App. 2d 469.

The question whether prejudice must be shown has also arisen where the failure to cooperate consisted of a failure to appear at a pretrial deposition (*Gallaway v. Schied* (1966), 73 Ill. App. 2d 116), or even at the trial itself (*Mertes v. Central Security Mutual Insurance Co.* (1968), 103 Ill. App. 2d 171). In each case the court took

the position that a showing of prejudice is not required.

In *Gallaway*, it was said:

"*** [I] f there is a substantial or material lack of cooperation found as a matter of fact, the insurer is not required to establish prejudice or detriment thereby in order to disclaim liability." *Gallaway v. Schied* (1966), 73 Ill. App. 2d 116, 125.

In *Mertes*, we find this language:

"We believe it is of great importance in a tort action that the defendant charged with negligence be present at the trial. His absence is a handicap to defense counsel. We believe that no court should conjecture that his indifference did not prejudice his case. *So it has been held that a showing of prejudice is not required.*" (Emphasis added.) *Mertes v. Central Security Mutual Insurance Co.* (1968), 103 Ill. App. 2d 171, 173.

Although the majority of the appellate court opinions do not specifically recognize the prejudice test as such, nonetheless this appears to be the moving force in each of them. (*Allstate Insurance Co. v. Keller* (1958), 17 Ill. App. 2d 44, 50; *Gallaway v. Schied* (1966), 73 Ill. App. 2d 116, 123; *State Farm Fire & Casualty Co. v. First National Bank & Trust Co. of Pekin* (1972), 2 Ill. App. 3d 768, 772-73.) These cases discuss how other courts have determined this issue on whether there has been prejudice to the insurer because of a violation of this clause of the policy.

Mindful of the fact that the public is the beneficiary of the automobile policy, that the prime objective of the cooperation clause is to prevent collusion between the injured and insured, as well as to enable the insurer to prepare its defense, we believe the rule currently followed in most jurisdictions best serves the ends of justice. It is this: unless the alleged breach of the cooperation clause substantially prejudices the insurer in defending the

primary action, it is not a defense under the contract. This is the test to be employed in our courts in cases where the issue is a breach of the cooperation clause. This is not a tyranny of labels but a direct statement of the criterion to be employed where the cooperation clause is in issue. See *Baumler v. State Farm Mutual Automobile Insurance Co.* (9th Cir. 1974), 493 F.2d 130, 134; *Campbell v. Allstate Insurance Co.* (1963), 60 Cal. 2d 303, 305, 384 P.2d 155, 156, 32 Cal. Rptr. 827, 828; *Juvland v. Plaisance* (1959), 255 Minn. 262, 269-70, 96 N.W.2d 537, 542.

This is in accord with the general doctrine that prejudice must be shown by an insurer seeking to avoid responsibility because of an alleged breach of the cooperation clause in the policy. *Martin v. Travelers Indemnity Co.* (5th Cir. 1971), 450 F.2d 542, 553; *Western Farm Bureau Mutual Insurance Co. v. Danville Construction Co.* (Ky. 1971), 463 S.W.2d 125, 129-30; *Travelers Insurance Co. v. Godsey* (1971), 260 Md. 669, 673, 273 A.2d 431, 434; *M.F.A. Mutual Insurance Co. v. Sailors* (1966), 180 Neb. 201, 204-05, 141 N.W.2d 846, 849; *Oregon Automobile Insurance Co. v. Salzberg* (1975), 85 Wash. 2d 372, 376-77, 535 P.2d 816, 818-19; *McDonnell v. Hestnes* (1970), 47 Wis. 2d 553, 559, 177 N.W.2d 845, 849.

Proof of substantial prejudice requires an insurer to demonstrate that it was actually hampered in its defense by the violation of the cooperation clause. (*Baumler v. State Farm Mutual Automobile Insurance Co.* (9th Cir. 1974), 493 F.2d 130, 135.) Nor is there any presumption of prejudice when the insurer attempts to avoid responsibility for a breach of the cooperation clause. *Campbell v. Allstate Insurance Co.* (1963), 60 Cal. 2d 303, 307, 384 P.2d 155, 157, 32 Cal. Rptr. 827, 829.

The principles which we have announced here are in large measure justified by the character of the automobile insurance policy. It is more than a private agreement between the insured and the insurer against losses

sustained as a result of the negligent operation of a motor vehicle. This fact has been long recognized.

> "Such an approach places an undue emphasis on traditional, technical contract principles and their dubious application in cases of this nature. In addition, insurance policies, in fact, are simply unlike traditional contracts, *i.e.*, they are not purely private affairs but abound with public policy considerations, one of which is that the risk-spreading theory of such policies should operate to afford to affected members of the public—frequently innocent third persons—the maximum protection possible consonant with fairness to the insurer, [Citation.] It is manifest that this public policy consideration would be diminished, discounted, or denied if the insurer were relieved of its responsibilities although it is not prejudiced by the insured's actions or conduct in regard to its investigation or presentation and defense of the tort case. Such relief, absent a showing of prejudice, would be tantamount to a questionable windfall for the insurer at the expense of the public." *Oregon Automobile Insurance Co. v. Salzberg* (1975), 85 Wash. 2d 372, 376-77, 535 P.2d 816, 819.

See *M.F.A. Mutual Insurance Co. v. Sailors* (1966), 180 Neb. 201, 204-05, 141 N.W.2d 846, 849; *Henderson v. Rochester American Insurance Co.* (1961), 254 N.C. 329, 332, 118 S.E.2d 885, 887; *Griffin v. Fidelity & Casualty Co.* (5th Cir. 1959), 273 F.2d 45, 48.

In recognition of this interest of the public as a whole, the General Assembly has enacted legislation pertaining to the form of automobile insurance policies (Ill. Rev. Stat. 1975, ch. 73, pars. 755(2), 755.11, 755.19, 1000), a safety responsibility law which included provisions requiring financial responsibility and prescribing the terms of an owner's insurance policy (Ill. Rev. Stat. 1975, ch. 95½,

par. 7—301 *et seq.*), and an uninsured or hit and run motor vehicle insurance coverage provision (Ill. Rev. Stat. 1975, ch. 73, par. 755a). So also it is this interest which dictates that claimants be necessary parties in a declaratory judgment action such as this. *Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404.

For these reasons the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE UNDERWOOD, specially concurring:

The orders defaulting Valleroy and Cheek in this declaratory judgment action are not, as urged by the insurer, *res judicata* as to the plaintiffs. Those orders were simple default orders which did not purport to declare the rights of the parties nor to constitute final judgments. Had they done so, with notice to the Millers, a different question would be presented.

I agree that an insurer should be relieved of liability to innocent third parties by the insured's breach of his contractual duty only if the insurer has been prejudiced by that breach. In this case the insured lied to the police and the insurer as to the identity of the driver of the car at the time plaintiffs were struck. Likewise the other occupants of the insured car gave the insurer the same false information. Their credibility as witnesses in the future trial of this case has, it seems to me, been largely destroyed. As a result, the insurer may well have been severely prejudiced in defending against plaintiff's claim, since the testimony of the witnesses upon whom it might normally rely is now subject to impeachment on the identity of the driver of the insured vehicle. The ultimate effect of that impeachment will, of course, affect a jury's assessment of the balance of the testimony of those witnesses.

Concealment from the insurer of the true facts for

some six months constituted, in my judgment, a clear breach of the cooperation clause. The insurer, however, neither alleges in this declaratory judgment action nor argues that it has been prejudiced by that breach. Consequently I agree that the judgment of the appellate court should be affirmed.