The question presented by this appeal is whether an insured's misrepresentation terminates the insurer's obligation to provide coverage and defend against a claim for damages. Upon trial of the insurer's declaratory judgment action, the court below found that the misrepresentation violated the cooperation clause in the policy and prejudiced the insurer's defense, thereby ending any duty to cover or defend the insured. We agree with this result in the circumstances here presented.
The facts are undisputed. On March 25, 1979, Lisa Buford, then age fifteen, drove a car owned by her father, Thomas Buford, and insured by the plaintiff-appellee (Alabama Farm Bureau). Riding with Lisa were Tim Eldridge and Janet Matthews. The car struck and injured Jimmy Christopher Williams, a nine-year-old boy. The victim and the three occupants of the car were the only witnesses to the accident.
By the time a policeman came to investigate, Tim Eldridge, then age nineteen, had told Lisa Buford that he would say he was the driver since Lisa was unlicensed. Accordingly, both the police report and an insurance claim form signed three days later by Lisa's father state that Tim was driving. On March 29 and twice more in May, Alabama Farm Bureau's adjuster met with and took recorded statements from Tim, Lisa, Janet and Mr. Buford. All of the statements, including two separate ones from Tim, reflect that Tim was the driver.
In June 1979 an action to recover damages was filed on behalf of Jimmy Williams against Tim Eldridge. Alabama Farm Bureau undertook the defense of Tim as an insured under the policy. A deposition of Tim was set for February 7, 1980, but on that morning, over ten months after the accident, Tim admitted to Alabama Farm Bureau's counsel that he was not the driver. Alabama Farm Bureau then denied coverage and refused to proceed further with the defense. After Tim obtained new counsel, his deposition was taken, and Lisa was joined as a defendant. Alabama Farm Bureau then filed the present declaratory *Page 746 
judgment action against Jimmy Williams, Tim Eldridge and Lisa Buford, and the trial court temporarily enjoined further proceedings in the original action.
Alabama Farm Bureau sought a declaration that the misrepresentations of the driver's identity constituted a breach of the insurance policy's cooperation clause sufficient to terminate any duty to provide coverage or defend the insured. The clause reads as follows:
 "The insured shall cooperate with the Company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own costs, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."
After an ore tenus hearing, the trial court found that the misrepresentation violated the cooperation clause and prejudiced Alabama Farm Bureau's defense. The court's reasoning was that, although trial preparation would not be affected, prejudice during the trial itself would result since the only witnesses for the defense had so seriously undercut their own credibility. The trial judge therefore granted the declaratory relief sought by Alabama Farm Bureau.
The threshold issue before us is whether the deception involved here constitutes noncooperation within the meaning of the policy. Although the appellants argue that the language of the cooperation clause does not encompass the conduct here, we have no doubt the insured violated this provision of the contract, for as Hand, J., stated:
 "[I]t is obviously true that an insured has not `cooperated' with the insurer, if he deliberately induces the insurer to plead what he believes to be false, even though he later recants. . . . If it appears that he, the insured, is ready deliberately to put forward a false statement upon one relevant fact, his testimony as to what actually happened is ordinarily much impaired."
Farm Bureau Mutual Automobile Insurance Company v. Bascom,287 F.2d 73, 75 (2d Cir. 1961).
Only a material and substantial failure to cooperate relieves an insurer of its duty to cover and defend, e.g., HomeIndemnity Company v. Reed Equipment Company, Ala.,381 So.2d 45, 48 (1980). We must therefore consider whether the misrepresentation of the driver's identity would have had a material and substantial effect on the original damages action. The "test for determining what is material and substantial with respect to an insured's alleged failure to cooperate" amounts to a "requirement of prejudice to the insurer." Id. at 48. The parties do not dispute that the trial judge made this test the basis of his decision.[1]
The appellants urge that we review the decision without regard for the ore tenus rule, which "applies only to the resolution of conflicts in the evidentiary facts," id. at 47. See also Alabama Farm Bureau Mutual Casualty Insurance Companyv. Mills, 271 Ala. 192, 123 So.2d 138, 139, 142 (1960). We agree that the evidence concerning the misrepresentation was undisputed. Nevertheless the effect of the misrepresentation on the witnesses' credibility *Page 747 
was a disputed factual matter decided by the trial court which took the testimony of those witnesses. Moreover, the ultimate question of whether or not the noncooperation is material and substantial is a question for the trier of fact, State FarmMutual Automobile Insurance Company v. Hanna, 277 Ala. 32,166 So.2d 872 (1964). Accordingly, "[t]here is a strong presumption in favor of the correctness of the court's findings on questions of fact, and we are disinclined to draw a different conclusion from the same facts — particularly when before us in a cold record." Southern Rock Products Company, Inc., v.Board of Zoning Adjustment of City of Trussville, 282 Ala. 186,190, 210 So.2d 419, 422 (1968).
The appellants give us no reason to doubt the correctness of the conclusion below that the misrepresentation would prejudice Alabama Farm Bureau's defense. From the judge's findings and the record, the defense appears to rest entirely upon the testimony of Lisa Buford, Tim Eldridge and Janet Matthews that Lisa, driving carefully and under the speed limit, had no chance to avoid the collision, because Jimmy Williams swerved into the car on his bicycle to avoid a pothole. Yet these three witnesses, the only ones other than the victim, together engaged in systematic deception that casts considerable doubt on whatever they say subsequently concerning the accident.
The appellants point out that the misrepresentation could not have been intended to procure insurance coverage since Alabama Farm Bureau was liable under the policy whether Tim or Lisa drove. This fact does not control, however, for neither the motives of the witnesses nor the terms of the insurance coverage determine whether Alabama Farm Bureau remained able to put on an adequate defense. The case cited by appellants on this point, MFA Mutual Insurance Company v. Cheek, 66 Ill.2d 492, 6 Ill.Dec. 862, 363 N.E.2d 809 (1977), offers no support to the appellants' contention, even were it binding in our jurisdiction. The Illinois Supreme Court in dictum noted "as an added reason for insurer responsibility" the insurer's liability regardless of who was driving. However, the primary basis for the decision in Cheek was the insurer's failure to allege or prove prejudice. Had the issue of prejudice been properly raised, the majority of the court in Cheek could have considered the case from the perspective noted in the concurring opinion: that the occupants of the car "largely destroyed" their credibility as witnesses, and "the insurer may well have been severely prejudiced," 6 Ill.Dec. at 867, 363 N.E.2d at 814.
The appellants further cited Home Indemnity Company, supra;Mills, supra; and General Accident Fire Life AssuranceCorporation v. Rinnert, 170 F.2d 440 (5th Cir. 1948), to argue that no prejudice resulted from the ten-month delay where all witnesses remained available and the truth was told before trial was set, allowing Alabama Farm Bureau to decide whether to settle or defend. All of the cases cited, however, are distinguishable. In Home Indemnity Company we found no misconduct bearing on credibility. In Rinnert the insured came forward with the truth about the identity of the driver only five days after the accident, and the court found nothing to indicate prejudice in the subsequent trial. Mills simply states that the question of noncooperation is not one of mere time lapse, 123 So.2d at 144. We focus here not on the time element but on the lack of any evidence in defense other than the testimony of Lisa and her friends that Lisa drove with due care. Their deception may have destroyed the value of that testimony, and in such circumstances the trial court was certainly justified in finding prejudice.
We do not hold that any noncooperation affecting credibility is ipso facto prejudicial. Our holding is limited to the facts of this case, where, from the trial judge's findings, it appears that the insured's noncooperation largely negated the only evidence the insurer could offer in defense. In general, whenever the prejudicial effects of noncooperation are at all unclear, the insurer's best course of action may be to proceed with the defense while reserving the right *Page 748 
to deny coverage. An insurer may so proceed whether or not the insured is willing to sign a nonwaiver agreement, HomeIndemnity Company, supra, 381 So.2d at 52. Such an approach will allow the use of hindsight in determining prejudice or will avoid the question altogether where the defense turns out to be successful.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and EMBRY, JJ., concur.
[1] Alabama Farm Bureau has belatedly suggested that the insured violated the notice provision as well as the cooperation clause of the insurance policy. This contention is significant, because the insurer need not show prejudice where failure to give adequate notice of the claim is at issue. See generallyHome Indemnity Company, supra, 381 So.2d at 49 n. 3. However, Alabama Farm Bureau failed to make this contention at trial. In fact, Alabama Farm Bureau in its trial brief specifically distinguished cases involving the notice issue and stated that "[t]he present case . . . involves the second line of cases" dealing with the cooperation requirement. By thus relying on the ground of noncooperation, Alabama Farm Bureau has "waived all other grounds of forfeiture." Auto-Owners Insurance Companyv. Rodgers, Ala., 360 So.2d 716, 718 (1978).