In the

# United States Court of Appeals
### For the Seventh Circuit

—————————

Nos. 15-2279 & 15-2363

ALTOM TRANSPORT, INC.,

*Plaintiff-Appellant,*

*v.*

WESTCHESTER FIRE INSURANCE CO.,

*Defendant-Appellee,*

and

MICHAEL STAMPLEY,

*Defendant-Appellant.*

—————————

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 9547 — **Sharon Johnson Coleman**, *Judge.*

—————————

ARGUED FEBRUARY 17, 2016 — DECIDED MAY 20, 2016

—————————

Before WOOD, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges.*

WOOD, *Chief Judge.* This is an insurance coverage dispute. Michael Stampley, a truck driver, sued Altom Transport, Inc., alleging that Altom had failed to pay him enough for driving

his truck for it. Altom turned to its insurer, Westchester Fire
Insurance Co., for coverage in the suit. Westchester denied
coverage; Altom handled its own defense; and the parties
tried to settle the case. At that point, counsel for both
Stampley and Altom tried to pull Westchester back into the
case, by making settlement offers within the limits of the
Westchester policy and seeking Westchester's approval.
Westchester was having none of it, however, so Altom sued in
state court for a declaratory judgment establishing that
Westchester had a duty to defend, that it wrongfully had
failed to do so, and that its handling of the matter had been
unreasonable and vexatious.

Westchester removed the insurance coverage dispute to
federal court. Once there, it filed a motion to dismiss the cov-
erage dispute for failure to state a claim. The district court
granted that motion, and we affirm. Stampley's suit arises
from his contract with Altom, and so it falls within a policy
exclusion that Westchester is entitled to invoke.

## I

Altom is an interstate motor carrier that focuses on the
hauling of liquid products throughout North America. It typ-
ically hires independent-contractor drivers to handle its busi-
ness. Stampley was one of those drivers. He owned and oper-
ated his own truck and leased his services to Altom.

In the wake of various disputes, Altom terminated its con-
tract with Stampley on March 24, 2014. On May 21, Stampley
sued Altom, alleging that Altom had wrongfully withheld
payment from him and other similarly situated owner-opera-
tor drivers who leased their services to Altom. Stampley of-

fered three theories in support of this claim: (1) that the contract violated the Department of Transportation's regulations, 49 C.F.R. § 376.12, because it failed to include aspects of how Stampley's compensation would be calculated; (2) that Altom breached the contract by failing to pay the required compensation; and (3) that Altom unjustly enriched itself by failing to pay Stampley and other drivers 70% of the gross revenue per shipment, as contractually required.

Altom had purchased an ACE Express Private Company Management Insurance Policy from Westchester, effective August 3, 2013 through August 3, 2014. When the Stampley litigation came along, Altom promptly asked Westchester to defend against the suit and indemnify it pursuant to the policy. Westchester denied coverage, and so Altom defended itself. On October 14, 2014, Stampley submitted a settlement demand to Altom for $1.9 million, an amount within the Westchester policy limits. Altom delivered the demand to Westchester and asked Westchester to reconsider its denial of coverage. Westchester was silent. Stampley then withdrew his settlement demand and replaced it with a higher one, for $2.3 million. Altom again delivered the demand to Westchester, and Westchester again did not respond.

At that point, Altom sued Westchester in state court for a declaratory judgment. Altom alleged that Westchester had wrongfully refused to defend it, in violation of § 155 of the Illinois Insurance Code, 215 ILCS 5/155, and that Westchester was estopped from asserting noncoverage. Altom also named Stampley as a defendant, because it believed it was required to name as a defendant any party with a stake in the insurance policy proceeds, based on *M.F.A. Mut. Ins. Co. v. Cheek*, 363 N.E.2d 809, 811 (Ill. 1977).

Westchester removed the suit to federal court and moved to dismiss Altom's complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). Westchester argued that the policy's plain language excluded coverage for Stampley's suit because the suit was covered by two policy exceptions: one for claims about unpaid wages, and the other for claims based on a contract. The unpaid wages exception states:

> Insurer shall not be liable for Loss under this Coverage Section on account of any Claim:
>
> (m)     alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:
>
>> (i) improper payroll deductions, unpaid wages or other compensation, misclassification of employee status, or any violation of any law, rule or regulation, or amendments thereto, that governs the same topic or subject; or
>>
>> (ii) any other employment or employment-related matters brought by or on behalf of or in the right of an applicant for employment with the Company, or any of the Directors and Officers, including any voluntary, seasonal, temporary leased or independently-contracted employee of the Company … .

The contract claim exception states:

> Insurer shall not be liable for Loss on account of any Claim:

(a) alleging, based upon, arising out of, attribut-
able to, directly or indirectly resulting from,
in consequence of, or in any way involving
the actual or alleged breach of any contract
or agreement; except and to the extent the
Company would have been liable in the ab-
sence of such contract or agreement … .

The district court granted Westchester's motion to dis-
miss, and Altom now appeals.

## II

We first address subject-matter jurisdiction. Altom, the re-
moving party, asserted that this case falls within the district
court's diversity jurisdiction. See 28 U.S.C. § 1332. Section
1332 requires complete diversity: no plaintiff may be a citizen
of the same state as any defendant. *Newman-Green, Inc. v. Al-
fonzo-Larrain*, 490 U.S. 826, 829 (1989). A corporation is a citi-
zen of any state in which it is incorporated, and the state
where it has its principal place of business. 28 U.S.C.
§ 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A nat-
ural person is a citizen of the state in which she is domiciled.
*Gilbert v. David*, 235 U.S. 561, 568–69 (1915). For cases that
originate in federal court, diversity is assessed at the com-
mencement of the action, as defined by Federal Rule of Civil
Procedure 3 as the time of pleading; it not destroyed by a
party's subsequent change in domicile. *Smith v. Sperling*, 354
U.S. 91, 93 n.1 (1957). Cases that reach the federal court by re-
moval are not so straightforward, but this court has held that
diversity must exist both at the time of the original filing in
state court and at the time of removal. See *Thomas v. Guards-
mark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (quoting *Kanzel-
berger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)).

Both at the time Altom filed its coverage suit in state court and at the time Westchester removed it to federal court, Altom was an Illinois corporation with its principal place of business in Illinois. (Altom has since moved to Indiana). Westchester is a Pennsylvania corporation with its principal place of business in Pennsylvania. Stampley, however, who was a party to the action on Westchester's side at the time of removal, is also an Illinois citizen. That poses a problem under the old "complete diversity" rule of *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), which governs suits brought under the general diversity statute, 28 U.S.C. § 1332(a). One might think that this case must be dismissed for want of jurisdiction.

The Supreme Court, however, has endorsed a more flexible rule, under which even a court of appeals may dismiss dispensable, nondiverse parties to preserve subject-matter jurisdiction. *Newman-Green, Inc.*, 490 U.S. at 834–35; see also FED. R. CIV. P. 21. Stampley is just such a party. Under Illinois law, an injured third party is indispensable when an insurer sues an insured for a declaratory judgment defining coverage. See *M.F.A. Mut. Ins. Co.*, 363 N.E.2d at 864. This makes sense: in such suits, the insurer's interests are adverse to the injured third party. See *id.* But when an insured sues an insurer, the insured can represent both its own interests and the interests of the third party and thereby obviate the need to join the injured third party. See *id.*; see also *Winklevoss Consultants, Inc. v. Fed. Ins. Co.*, 174 F.R.D. 416, 418 (N.D. Ill. 1997) (explaining this rationale).

Stampley can also be dropped from the suit without raising problems under the Federal Rules of Civil Procedure. Rule

19 describes those persons who are "required to be joined if feasible," and it addresses what the court should do if such a person cannot be joined. Stampley does not meet the criteria of Rule 19(a)—it is entirely possible to accord complete relief among the existing parties in his absence, and there are no practical problems that would be created by his dismissal. In fact, Stampley has no legal interest in this suit: he has no claims against Altom or Westchester; nor do they have any claims against him. Stampley may therefore stay or go, as far as the joinder rules are concerned. Since his continued presence destroys the district court's subject-matter jurisdiction, he is someone who should be dismissed under *Newman-Green.* We therefore order Stampley dismissed from this action and proceed to the merits.

## III

Because we sit in diversity, we apply the substantive law that Illinois's courts would choose—in this instance, the law of Illinois. *Nat'l Am. Ins. Co. v. Artisan and Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015); see *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Illinois interprets insurance policies to "give effect to the intention of the parties, as expressed in the policy language." *Gillen v. State Farm Mut. Auto. Ins. Co.*, 830 N.E.2d 575, 582 (Ill. 2005). We give undefined terms "their plain, ordinary and popular meaning." *Id.* We construe ambiguous language against the insurer and interpret exceptions to coverage narrowly. *Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Glenview Park Dist.*, 632 N.E.2d 1039 (Ill. 1994)).

An insurer's duty to defend arises when "facts alleged in the underlying complaint fall even potentially within the policy's coverage*." Country Mut. Ins. Co. v. Olsak*, 908 N.E.2d 1091, 1098 (Ill. App. Ct. 2009). The duty to defend is broader than the duty to indemnify. *Id.* (citing *Ill. Masonic Med. Ctr. v. Turegum Ins. Co.*, 522 N.E.2d 611 (Ill. App. Ct. 1988)).

Nevertheless, the language of the policy is King, and the policy here unambiguously excludes coverage for lawsuits stemming from the insured's contracts with third parties. Stampley's claim against Altom, no matter what the legal theory may be, rests fundamentally on the lease agreement under which he was performing his carriage services. We can think of no reason why that lease agreement is not a "contract" as the policy uses the term, and if it is, then Westchester has no duty to defend or indemnify Altom from claims arising out of it. The policy states that "[Westchester] shall not be liable for Loss on account of any Claim … arising out of … or in any way involving the actual or alleged breach of any contract[.]" That seems to cover this case.

Altom argues that Stampley's claims falls under an exception to the exception. It looks to the last clause, which states that claims arising from a contract are excluded "except and to the extent the Company would have been liable in the absence of such contract or agreement[.]" Stampley's allegations need not depend on the contract, Altom argues, but instead could stand alone. But that is not the suit that Stampley brought. His first claim asserts that the lease agreement failed to comply with relevant federal regulations. It depends entirely on the content of the agreement. Whether the regulation, 49 C.F.R. § 376.12, could impose liability without the presence of a contract is irrelevant where, as here, the party

had an actual contract and the question is whether it is inconsistent with § 376.12.

Stampley's breach of contract and unjust enrichment claims are likewise excluded under the policy. Altom's enrichment is "unjust" only if it failed to pay Stampley everything to which the contract entitled him (and hence retained too much of the profit from Stampley's hauls). But that is just another way of describing a possible breach of contract. Stampley's requested damages underscore this point: he seeks the difference between the amount he says he was owed under the contract and the amount Altom actually paid him. This describes expectation damages, the classic measure of contract damages, to a "T". See *Nilsson v. NBD Bank of Illinois*, 731 N.E.2d 774, 781 (Ill. App. Ct. 1999) ("The proper measure of damages in a breach of contract action … places the injured party in the same position at the time of judgment as he would have been had the contract been performed."). All three of Stampley's claims in his underlying suit arise directly from his lease agreement with Altom, and therefore fall within the policy's contract claim exception.

Altom's last argument is that Westchester is estopped from claiming noncoverage. Under Illinois law, if an insurer neither defends nor seeks a declaratory judgment defining its coverage obligation, "it will be estopped from raising the defense of noncoverage in a subsequent action." *Country Mut. Ins. Co.*, 908 N.E.2d at 1098 (internal quotation marks omitted). But estoppel applies only when the insurer breaches its duty to defend in the later action. *Emp'rs Ins. of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1135 (Ill. 1999). Westchester did not breach its duty, and so Altom cannot assert estoppel.

**IV**

Because all of Stampley's claims fall within the policy's contract claim exception, we do not reach the question whether his claims are within the unpaid wages exception. Michael Stampley is DISMISSED as a party in this case, and the judgment of the district court is otherwise AFFIRMED.